Matter of Skidmore, Owings & Merrill, LLP v New York City Tax Appeals Trib. (2024 NY Slip Op 06139)

Matter of Skidmore, Owings & Merrill, LLP v New York City Tax Appeals Trib.

2024 NY Slip Op 06139

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Rosado, JJ. 

Appeal No. 3176 Case No. 2023-02713 

[*1]In the Matter of Skidmore, Owings & Merrill, LLP, Petitioner,
v
New York City Tax Appeals Tribunal, Respondent.

Hodgson Russ LLP, Buffalo (Timothy P. Noonan of counsel), for petitioner.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Adam C. Dembrow of counsel), for respondent.

Determination of respondent New York City Tax Appeals Tribunal, dated January 26, 2023, which upheld the July 30, 2021 determination of the Tax Appeals Tribunal Administrative Law Judge Division that denied petitioner's exception seeking modification and sustained the City Department of Finance's notice of determination dated December 21, 2015, assessing additional New York City Unincorporated Business Tax, unanimously confirmed, the petition denied, and the proceeding pursuant to CPLR article 78, dismissed, without costs.
In this CPLR article 78 proceeding, invoking this Court's original jurisdiction under CPLR 506(b)(4), petitioner challenges respondent Tribunal's sustaining of the assessment of additional Unincorporated Business Tax (UBT) with respect to the taxable years ending September 30, 2011 and September 30, 2012, based on the determination that petitioner's payments to Skidmore, Owings & Merrill DISC, Inc. (S-DISC) are properly added back to the taxable income on petitioner's UBT returns for those years under Administrative Code of the City of New York § 11-507(3).
Contrary to petitioner's arguments, the determination finding that petitioner improperly deducted the commission payments it made to S-DISC from its UBT income was supported by substantial evidence and not affected by errors of law. There is no dispute that the deduction of such commission payments from taxable federal income is permitted, even where the DISC is a shell entity that does nothing to earn commissions (see Benenson v Commissioner of Internal Revenue , 910 F3d 690 [2d Cir 2018]). However, petitioner fails to show that the parties' stipulated facts, the relevant case law, and the proper interpretation of the applicable statutory provisions, including New York City Charter § 170(d), Administrative Code § 11-507, and 19 RCNY 28-06(d)(1)(i)(B), required respondent Tax Appeals Tribunal to apply the federal law applicable to deductions of such commissions from taxable federal income to the facts here. Further, petitioner failed to show that respondent lacked the authority, or a proper basis, for its conclusion concerning the impropriety of petitioner's deduction of commission payments from taxable UBT income, where those payments were made to a shell DISC entity and the economic substance of the commission payment was to provide tax-advantage compensation to petitioners' partners for their services.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024